· ALLEN and others, trustees of school district No. 4 in Shelby,
vs. DUNLAP.

A party in possession of premises can abandon the same at any time; and
whether the owner accept such abandonment or not, if the party is out of
possession by his own act, at the time an ejectment suit is commenced
against him, the plaintiff can not recover.

Where a mechanic, having possession of a school house for the purpose of
making repairs, &c. offered to deliver the key of the house to one of the
trustees of the school district, that being the only symbol of possession he
had; *Held* that this was an abandonment of the possession by him, and
that an action of ejectment, subsequently brought, could not be sustained;
and this, whether one or all the trustees were present at the time of the
offer; or whether the offer was accepted, or not.

THIS was an action of ejectment, brought by the plaintiffs
against the defendant, to recover the possession of the
school house in the district of which the plaintiffs were trus-
tees.   The facts, as they appeared upon the trial, are briefly
as follows:  In February, 1862, the plaintiffs, as trustees,
entered into an agreement with the defendant, in writing,
whereby the defendant, in consideration of $150, agreed to
build an addition to the school house and repair the house
according to certain specifications, and complete the work by
the 15th of May then next.   The defendant entered into
possession of the house for the purpose of fulfilling his agree-
ment, and continued to work until the 23d day of May,
when he claimed to have completed his contract, and called
upon the trustees to accept the work and surrender his contract.
The trustees, on that day, went to the school house and ex-
amined the work and were not suited with the same, and
thereupon refused to surrender the contract to the defend-
ant, but demanded of him the key to the house, which accord-
ing to the finding of the jury he declined to give them,
except upon condition that the contract be given up and
canceled.   The plaintiffs, on the same day, retained counsel
and ordered the commencement of this action, and the sum-
mons was immediately made out and placed in the hands of
the sheriff, with directions to serve the same.

On the 26th day of May, the defendant went to Alden S. Barber, one of the trustees and plaintiffs in this action, and tendered him the key and possession of the house, which said Barber refused to accept. This was about 9 o'clock in the forenoon. At about 12 o'clock the same day the summons was served by the sheriff, upon the defendant.

On the trial at the circuit, the plaintiffs had a verdict, upon which they entered judgment, and from which the defendant appealed. The legal questions presented by the case are sufficiently stated in the following opinion.

*Sickles, Graves & Childs,* for the plaintiffs.

*Bowen & Pitts,* for the defendant.

*By the Court,* GROVER, J. An action is commenced by the service of the summons upon the defendant. (*Code,* § 99.) This action was not, therefore, commenced at the time the defendant offered to deliver the key to Barber, one of the trustees of the district and one of the plaintiffs in the action, although the summons had been made out and delivered to the officer to be served, prior to that time. The judge, among other things, charged the jury, that a tender of the key to one of the trustees, in the absence of the others, without showing him to be authorized by the other trustees to receive it, was not such a tender of the possession of the house as would bar the plaintiffs' right of action if the jury should find that the defendant refused to surrender the possession of the house when the trustees were together at the premises, as claimed by the plaintiffs. To this portion of the charge the defendant excepted. The defendant's counsel requested the court to charge the jury, that if, before the commencement of the action, the defendant offered the possession of the premises to the trustees, or any one of them, the plaintiffs could not recover. The judge refused so to charge, and the defendant excepted to such refusal. To un-

derstand the question raised by the exceptions to the charge as given, and the refusal to charge as requested, it must be borne in mind that all the evidence given by the plaintiffs tending to show that the defendant was in possession of the school house, was that he had refused to deliver the key to the plaintiffs and let them take possession thereof unless they would accept a job of work done thereon by the defendant and surrender the contract for doing the same, which the plaintiffs refused to do. The sole question to be tried was whether the defendant was in possession of the school house and premises sought to be recovered in the action, or claimed any right thereto adverse to the plaintiffs, at the time the action was commenced. If the defendant was not in possession at that time, and claimed no such right, it is clear that an action by the plaintiffs to recover from him the premises can not be maintained. If what was done by the defendant, at the time the trustees were all there, was sufficient to warrant a recovery by the plaintiffs, in the absence of other proof, it could only do so by raising a presumption that the defendant was in possession at the commencement of the action. If he was so in possession, he could abandon it at any time; and whether the plaintiffs accepted it or not, if he was out of possession by his own act at the commencement of the suit, the plaintiffs could not recover. The offer to deliver the key to one of the plaintiffs was an abandonment of the possession by the defendant, as that was all the possession that the defendant had of the premises, and it was wholly immaterial whether one or all the trustees were present at the time of such offer; or whether the offer was accepted or not. There was no act to be done by the plaintiffs to discharge the defendant from his liability in an action for the recovery of the premises. All that was necessary was for the defendant to quit possession. The only symbol of possession by him was the key. When he gave or offered to surrender this to one of the plaintiffs, thereby surrendering all claim to any further control of the house or premises, he

nad, to all intents and purposes, abandoned the possession, and the action could not be sustained. The learned justice evidently had in his mind the well established rule, that where an authority is vested in a body to do any act, all must meet or have notice of the meeting, to enable the majority to act. This rule, and the statutes regulating it, have no application to this case. There was nothing for the trustees to do. They could not, by refusing to accept the key or take possession of the premises, keep the defendant in possession against his will and thereby subject him to an action for the recovery of the possession. The question of tender had nothing to do with it. It is not necessary to examine the question whether the defendant ever had such a possession of the premises as would maintain the action.

The judgment must be reversed, and a new trial ordered; costs to abide the event.

[ERIE GENERAL TERM, September 5, 1864. *Davis, Grover, Marvin* and *Daniels*, Justices.]